Sean Hecker*
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
shecker@kaplanhecker.com

Spencer G. Scharff, No. 028946
SCHARFF PC
502 W. Roosevelt Street
Phoenix, Arizona 85003
(602) 739-4417
spencer@scharffplc.com

*Attorneys for Nonparty James Hahn*
*\*pro hac vice application forthcoming*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc., | No. MC- |
|---|---|
| Plaintiffs, | **Underlying Case: No. 5:22 Civ. 4486 (BLF) (SVK) (N.D. Cal.).** |
| v. | **NONPARTY JAMES HAHN'S MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR DOCUMENTS AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM IN SUPPORT** |
| PGA Tour, Inc., | |
| Defendant. | **(Oral Argument Requested)** |

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, Nonparty James Hahn moves to quash the subpoena for documents and deposition testimony issued by LIV Golf, Inc. ("LIV") dated April 18, 2023 ("Subpoena"), attached as Exhibit A hereto.[1]

### Introduction

In August 2022, LIV Golf, a new professional golf organization, and eleven of its players, brought suit against the PGA Tour, alleging that it was engaging in anticompetitive conduct that was hindering LIV's ability to participate in the professional golf market.  From the outset, Plaintiffs cast their case in terms of urgency, seeking a temporary restraining order and repeatedly fighting virtually any effort to extend the court's deadlines.  At the same time, Plaintiffs took advantage of the discovery rules to invade the privacy of and burden some of the world's most famous professional golfers—demanding documents and depositions—even as LIV's financers have vowed to fight any discovery into their own affairs all the way to the Supreme Court.

Those nonparties that Plaintiffs timely subpoenaed have complied, producing documents and making themselves available for depositions within the applicable deadlines set by the trial Court for the Northern District of California (the "Court").  But Plaintiffs' window for demanding discovery from others—including nonparties—closed on March 30, 2023, the deadline for "Written Discovery and Document Productions."  Under black-letter law, and as the Court (and Plaintiffs themselves) had recognized, that deadline applies to party and nonparty discovery alike.

---

[1]  Mr. Hahn's Responses and Objections to the Subpoena are attached as Exhibit B.

Nevertheless, the day after the deadline lapsed, LIV sought to serve document and deposition subpoenas on nonparty professional golfer James Hahn with a Phoenix, Arizona place of compliance.[2]  When Mr. Hahn raised the passage of the deadline, LIV claimed that the deadline applied only to the parties.  But LIV's position is unsupported by the record and belied by its own actions.  Indeed, LIV's position would suggest that the district court imposed no deadline for nonparty discovery, which makes little sense.  The overbroad subpoenas seek unnecessarily to burden a nonparty and they are untimely.  Accordingly, Mr. Hahn asks this court to quash the Subpoena.

## **Background**

Several players from a new golf league backed by Saudi Arabia's sovereign wealth fund ("LIV") commenced the underlying action on August 3, 2022 against the PGA Tour (the "Tour") based on allegations that the Tour engaged in anticompetitive practices to protect its purported monopoly on elite competitive golf.  *See* Dkt. 83 (Amended Complaint).  LIV joined the suit on August 26, 2022.  *Id.*  The Tour brought counterclaims against LIV, as well as the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and the Governor of PIF, Yasir Othman Al-Rumayyan (collectively, the "Third Parties"), claiming that PIF and Mr. Al-Rumayyan exercise effective ownership and control of LIV and tortiously interfered with and induced breaches of the Tour's contracts with professional golfers.  *See* Dkt. 289 at 61-62, 80-82.

---

[2]  Originally, the subpoena specified a Dallas, Texas place of compliance, *see* Ex. C (Mar. 30, 2023 subpoena)—where Mr. Hahn used to live; he has since moved to Arizona.  On April 18, 2023, after discussion between the parties, LIV reissued the subpoena with the proper Phoenix, Arizona place of compliance.

James Hahn is a professional golfer competing on the PGA Tour.  He is not a party to this suit.  His name appears nowhere in the body of the Complaint, Amended Complaint, Answer, Counterclaim, or Amended Counterclaim.  *See* Dkts. 1, 83, 108, 289.  For eight months—since the August 3, 2022 filing of the first complaint—Mr. Hahn remained an unburdened non-party.

During the pendency of their suit, Plaintiffs insisted on urgency and an expedited discovery schedule because, they claimed, the livelihood of the Plaintiff golfers was allegedly "on the line."  Feb. 24, 2023 Tr., Dkt. 298 at 25-26 (Ex. D); *see also* Aug. 18, 2022 Tr., Dkt. 76 at 5-6 (Ex. E); Dec. 16, 2022 Tr., Dkt. 186 at 9:13-16 (Ex. F).  The same day they filed their original complaint, Plaintiffs sought a temporary restraining order on the basis that the Tour's ongoing behavior was causing "irreparable harm" and "immeasurable injuries" to LIV golfers.  Dkt. 2 at 31.  The Court denied this motion, Dkt. 63, but has given "priority" to the case at Plaintiffs' repeated urging, *see* Ex. D at 24:22-25:1.

The Court obliged Plaintiffs and set the non-expert discovery cutoff for March 3, 2023.  Dkt. 92 at 8.  And when Defendant sought in December 2022 to extend the non-expert discovery cutoff from March 3, 2023 to May 26, 2023, Dkt. 181 at 2, Plaintiffs insisted that such an extension was unnecessary and instead proposed to keep the March 3 cutoff for "Written Discovery & Document Production," but extend the deadline "to conduct depositions" to May 5, 2023.  *Id.* at 12-13.

In arguing to keep the Written Discovery and Document Production deadline, while extending the deposition deadline, Plaintiffs explained that their intent was to break off and

keep the earlier "Written Discovery & Document Production" deadline to "have a deadline for *third-party* productions to encourage urgency from *non-parties*." *Id.* at 13 (emphases added). The Court considered these proposals at a December 16, 2022 Case Management Conference and ultimately adopted Plaintiffs' split cutoff, recognizing that the Written Discovery deadline would apply to third parties as well. *See* Jan. 5, 2023 Case Mgmt. Order, Dkt. 204 at 3 (Ex. G). More specifically, Judge Freeman agreed to push the Written Discovery and Document Production cutoff to March 30, Ex. F at 29:7-8, but "recognize[d] that the foreign discovery may not be wrapped up by that time," *id.* at 25:17-18. Judge Freeman also agreed to push the Fact Witness Deposition Cutoff date to May 26, *id.* at 29:14-15, because the parties have less control over scheduling depositions of third parties even pursuant to a subpoena, *id.* at 25:19-22.

The Court's intent was thus clear: the Fact Witness Deposition Cutoff date did not mean that a party could issue further subpoenas after the March 30 cutoff; it meant only that the parties could depose the "scores of third part[ies]" and nonparties already subpoenaed by the March 30 cutoff. *See* Ex. F at 12:2-6; Dkt. 181 at 9 (noting the "limited number of business days between January and March" of 2023 to "prepare for the noticed depositions of each of these potential [third party] witnesses"). For example, during the February 24, 2023 Case Management Conference, the Court was explicit that it expected the parties to "have a deposition schedule by [the April 7, 2023 Case Management Conference]." Ex. D at 45-46. This exhortation would make little sense if the parties had until May to serve (as opposed to just take) depositions.

1
2
3
4
5
6

On March 31, 2023—the day after the discovery cutoff—Plaintiffs represented to the Court in a Case Management Conference Statement that they had "listened and complied" with the Court's March 30, 2023 cutoff.  Dkt. 378 at 2.  But they had not.  That same day, LIV served Mr. Hahn (and tried to serve four other nonparties) an untimely subpoena for documents and depositions.[3]

7
8
9
10
11
12
13
14
15
16
17
18
19
20

At a court conference on April 7, 2023, the Northern District of California extended the Fact Witness Deposition Cutoff until June 30, 2023, Apr. 7, 2023 Tr., Dkt. 411 at 61:5-25 (Ex. H), to account for the more than 80 outstanding depositions.  Dkt. 378 at 14.  Plaintiffs represented to the Court that they met the March 30 deadline, confirmed deposition dates, and lined up witnesses.  Ex. H at 5:7-10.  None of this was true as to Mr. Hahn.  Notably, the Court did not extend the March 30 cutoff, as neither party had asked it to do so.  Dkt. 378 at 2, 9.  In extending the Fact Witness Deposition Cutoff, the Court recognized that the time to subpoena nonparties may have already passed.  Ex. H at 39:18-22.  In fact, the Court granted Defendant a narrow extension of the March 30 deadline to subpoena nonparties who had communicated with PIF or Mr. Al-Rumayyan—who are accused of stonewalling discovery—Mr. Hahn was not among them.  *Id.*

21
22
23
24
25

On April 11, 2023, Mr. Hahn's counsel reached out to LIV's counsel to discuss the subpoenas, including the fact that they were untimely, as well as the unreasonable scope of the subpoenas, and the unreasonable burden inherent in imposing such sweeping discovery obligations on a nonparty.  The parties met and conferred on April 13, 2023, at which time

26
27
28

---

[3]  Counsel for LIV has represented to Mr. Hahn's counsel that he was served with the initial subpoena on March 31, 2023.  Mr. Hahn's counsel later accepted service of the reissued subpoena on April 18, 2023.  *See supra* at 3 n.2.

LIV insisted that the March 30, 2022 cutoff for Written Discovery & Document Production applied only to the parties and that there was effectively no deadline for nonparties. The parties met and conferred again on April 18, 2023 but were unable to resolve the dispute.

## I.    Legal Standard

Rule 45 subpoenas "constitute pretrial discovery that must be *served* within the specified discovery period." *Fed. Deposit Ins. Corp. v. BayOne Real Est. Inv. Corp.*, No. 15-CV-2248 (BLF) (SVK), 208, at *1 (N.D. Cal. Apr. 10, 2017) (Van Keulen, J.) (emphasis added); *Dennison v. Ryan*, N0. 18-CV-04359 (SPL), 2022 WL 3134450, at *2 (D. Ariz. Aug. 5, 2022). Further, the "discovery cut-off is the deadline for discovery to be *completed*, not the deadline for discovery requests to be served." *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-1702 (BLF) (SVK), 2018 WL 3399574, at *1 (N.D. Cal. May 14, 2018) (Van Keulen, J.) (emphasis in original). Untimely subpoenas are quashed or not enforced. *U&I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) (granting motion for protective order where request for the production of documents extended beyond the discovery cutoff); *see also Equal Emp. Opportunity Comm'n v. Am. Tool & Mold, Inc.*, No. 8:12-CV-2772, 2013 WL 12155818, at *1 (M.D. Fla. Sept. 23, 2013) (denying motion to compel discovery requests because subpoena was untimely); *Ferreira v. Penzone*, No. 15-CV-01845 (JAT), 2018 WL 1706212, at *2-3 (D. Ariz. Apr. 9, 2018); *Pollara v. Radiant Logistics, Inc.*, No. 12-CV-344 (GAF) (JEMx), 2014 WL 12696741, at *2 (C.D. Cal. Apr. 18, 2014).

More generally, Rule 45 governs subpoenas issued to nonparties and "protects the subpoena recipient by requiring the issuer 'to take reasonable steps to avoid imposing

undue burden and expense on a person subject to the subpoena.'" *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020) (quoting Fed. R. Civ. P. 45(d)(1)). Rule 26 further allows a court to, "for good cause, issue an order to protect a party or person from . . . undue burden or expense" by, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Rule 45 sets out several mandatory and discretionary grounds for "the district where compliance is required" to quash a subpoena, *see* Fed. R. Civ. P. 45(d)(3), but these are not exhaustive. *Jordan*, 947 F.3d at 1329; *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-3393, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."). All civil discovery, "whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) and must be 'relevant to any party's claim or defense'" and "'proportional to the needs of the case.'" *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)). When considering "a discovery dispute involving a nonparty, the nonparty's status is considered by the court in assessing the burden of complying with the discovery request." *In re Photochromic Lens Antitrust Litig.*, No. 8:10-MD-2173, 2012 WL 12904391, at *2 (M.D. Fla. Dec. 20, 2012). Courts "must give the recipient's nonparty status 'special weight'" and conduct an "even more 'demanding and sensitive' inquiry" into "whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Jordan*, 921 F.3d at 189 (quoting *In re Public Offering PLE*

*Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)).  In addition to the enumerated grounds, "a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Jordan*, 947 F.3d at 1329.

## II.     Argument

The Subpoena is untimely.  Court deadlines are to be "taken seriously by the parties" because they "foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "[T]he best way to encourage" parties to take deadlines seriously "is to enforce" them. *Id.*  The Court should do so here.

### a.  LIV's subpoena is untimely.

As discussed above, the relevant cutoff for fact discovery was March 30, 2023. *See supra* at 4-6.  This means that the subpoena must have been served to allow Mr. Hahn sufficient time to respond by the March 30 cutoff.  *See Newmark Realty Cap., Inc.*, No. 16-CV-01702 (BLF) (SVK), 2018 WL 3399574, at *1 ("The discovery cut-off is the deadline for discovery to be *completed*, not the deadline for discovery requests to be served." (emphasis in original)).  This subpoena was not.  LIV not only failed to allow for sufficient time for Mr. Hahn to respond by the March 30 cutoff—the initial subpoena demanded documents by April 18, 2023, *see* Ex. C—it failed even to *serve* the Subpoena by the discovery cutoff.  *See supra* at 6 n.3; *Ferreira*, 2018 WL 1706212, at *2 (D. Ariz. Apr. 9, 2018).  And while the Subpoena does call for Mr. Hahn's deposition within the cutoff for Fact Witness Depositions, it is clear that Plaintiffs sought and the Court granted a short extension of time to allow for scheduling of timely, previously noticed depositions; there

is no basis for concluding that the Court intended to extend the deadline to serve Rule 45 pretrial subpoenas. *See supra* at 4-5.

Mr. Hahn's nonparty status does not change the discovery cutoff. *MedImmune, LLC v. PDL Biopharma, Inc.*, No. 08-CV-5590, 2010 WL 1266770, at *1 (N.D. Cal. Apr. 1, 2010) ("[T]his court finds that the better view (espoused by the majority of jurisdictions) is that, with certain exceptions not present here, Fed. R. Civ. P. 45 subpoenas constitute pretrial discovery that must be served within the specified discovery period."); *Fed. Deposit Ins. Corp.*, 2017 WL 1316888, at *1 (Van Keulen, J.) (same). This Court should reject LIV's attempt to "circumvent the Court's discovery deadline" through a Rule 45 subpoena. *Dear v. Q Club Hotel, LLC*, No. 15-CV-60474, 2017 WL 5665357, at *2 (S.D. Fla. May 18, 2017); *see also Edwards v. Speedway*, LLC, No. 18-CV-23091, 2019 WL 13066872, at *2 (S.D. Fla. Aug. 27, 2019); *Dennison*, 2022 WL 3134450 at *2.

LIV also has no excuse for the delay. It had ample time to serve Mr. Hahn. As Plaintiffs made clear in their December 2022 Case Management Statement, Plaintiffs "initiated" Rule 45 subpoenas in September 2022 and saw no reason why then ongoing third-party and nonparty discovery would "affect the Court's deadlines three months before the deadline." Dkt. 181 at 20. LIV could have subpoenaed Mr. Hahn at that time—and under the scheduling order and Rules it was required to do so. *See* Ex. G at 3. Given that LIV was or reasonably should have been "aware of [his] identity," its delay in subpoenaing him "reveals a lack of diligence" that should not be rewarded. *Mount Vernon Fire Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 8:07-CV-1593, 2008 WL 2397606, at *2 (M.D. Fla. June 10, 2008) (rejecting motion to shorten time to respond to discovery in an attempt to

make requests timely because "there ha[d] been ample opportunity to conduct discovery in th[e] case"); *Pollara*, 2014 WL 12696741, at *2 (C.D. Cal. Apr. 18, 2014) (similar). Accordingly, this Court should quash the untimely subpoena, or issue a protective order commanding the same.

### b. The Subpoena unnecessarily targets and burdens a nonparty.

Rule 26(b)(2)(C)(i) provides that a "court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that the discovery . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." As such, a party must first seek documents directly from a party opponent before burdening a nonparty with a subpoena. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *see also Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases); *Adams v. Symetra Life Ins. Co.*, No. 18-CV-378, 2020 WL 6469949, at *5 (D. Ariz. Nov. 3, 2020) ("Courts generally hold that where an opposing party and a nonparty both possess documents, the documents should be sought from the party to the case."); *TQP Dev. LLC v. Alaska Air Grp., Inc.*, No. 1:12-CV-3065, 2012 WL 13128182, at *2 (N.D. Ga. Nov. 28, 2012) ("[W]here the requested information can also be obtained from a party, courts have taken a more restrictive approach to compelling Rule 45 discovery from a non-party."); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2022 WL 2341963, at *5 (N.D. Fla. Apr. 26, 2022) (quoting *Jordan*, 921 F.3d at 189) (similar). Here, the Subpoena requests documents and communications that are clearly within the

Defendant's possession, custody, or control.  For example, Request 1 seeks, *inter alia*, "[a]ll Communications between [Mr. Hahn] and the PGA Tour . . . ."  Similarly, Requests 6 & 7 seek "[a]ll PGA Tour Board of Directors Documents and Communications" and "[a]ll PGA Tour Player Advisory Committee Documents and Communications."  *See* Ex. A, Reqs. 1, 6-7.  LIV has not and cannot explain why it is necessary to burden Mr. Hahn with requests for documents and information that are plainly obtainable from Defendant or other closely related entities and representatives.

LIV "could and should" obtain this information from Defendant and not burden Mr. Hahn.  *Torre v. Charter Commc'ns, Inc.*, 2020 WL 7705940, at *1 (S.D.N.Y. Dec. 28, 2020) (quashing non-party subpoena that sought information "that could and should be obtained from . . . a party to this action").  Unless and until it does so, LIV's requests are unduly burdensome.  *Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-CV-7603, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (granting motion to quash subpoena that imposed undue burden because plaintiff did not attempt to obtain the requested documents from defendant before seeking them from third party); *Jones v. Raymond Corp.*, No. 22-MC-80074, 2022 WL 1304025, at *1 (N.D. Cal. May, 2 2022) (granting nonparty's motion to quash deposition subpoena where plaintiffs had "not shown that they first attempted to discover the information . . . from [Defendant]"); *Salazar v. Acuity Brands Lighting, Inc.*, No. 21-CV-349, 2022 WL 2788827, at *2 (D. Ariz. July 15, 2022) ("Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.").

To the extent that LIV is unable to obtain this information from a party because of the Court's March 30, 2023 discovery cutoff, a Rule 45 subpoena is not a vehicle to skirt the Court's discovery cutoff.  *Dear*, 2017 WL 5665357, at *2; *Edwards*, 2019 WL 13066872, at *2; *Dennison*, 2022 WL 3134450 at *2.

Finally, the Subpoena's requests are "untethered to the claims and allegations" and facially overbroad. *Marine Depot, Int'l, Inc. v. James River Grp., Inc.*, No. 19-CV-24821, 2020 WL 7493110, at *2 (S.D. Fla. Oct. 23, 2020); *see also Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 16-CV-8962 (KSX), 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017) (noting that "[t]he amendment to Rule 26(b) adding the proportionality requirement is designed to avoid just this type of sweeping discovery that is untethered to the claims and defenses in litigation").  For example, although denominated as a single request, Request 1 constitutes, at least, 117 separate requests as it seeks communications exchanged between Mr. Hahn and nine other entities/groups regarding thirteen separate topics. *See* Ex. A, Req. 1.  One of the enumerated groups—"other PGA Tour Members"—contains hundreds of potential members, and one of the enumerated topics is "PGA Tour Designated Events." In other words, in addition to all the other requests contained in Request 1 is a request for all communications between Mr. Hahn and any other member of the PGA Tour regarding tour events. This is the textbook definition of an overly broad, burdensome request, especially when combined with the Subpoena's absurdly broad definition of Communication:

> "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or is attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means

13

such as emails, text messages, iMessages, WhatsApp messages, Slack messages, Facebook Messenger, Google Chat, Viber, Signal, Line, WeChat, Snapchat, Telegram, Microsoft Teams, Zoom, social media direct messages, instant messages, letters, memoranda, telegrams, telecopies, telexes, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations

Ex. A, Def. 3; *see Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999) (request facially overly broad due to its use of the omnibus phrase "relating to," particularly where it did not modify a specific type of document but rather a broad class of documents).

## III.    Conclusion

For the foregoing reasons, Mr. Hahn respectfully requests that the Court quash the Subpoena, or enter a protective order commanding the same.

Respectfully submitted this 25th day of April 2023.

SCHARFF PC

By:    */s/ Spencer G. Scharff*
Spencer G. Scharff

Sean Hecker
KAPLAN HECKER & FINK LLP

*Attorneys for Nonparty James Hahn*